**UNITED STATES, Appellee,**

v.

**John Franklin EASOM, Appellant.**

**No. 77–1500.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1977.

Decided Jan. 18, 1978.

John C. Calhoun, Little Rock, Ark., argued and filed brief, for appellant.

John F. Easom, filed a pro se brief.

W. H. Dillahunty, U. S. Atty., and Robert L. Neighbors, Asst. U. S. Atty. (argued), Little Rock, Ark., on brief, for appellee.

Before LAY, BRIGHT and HENLEY, Circuit Judges.

LAY, Circuit Judge.

Defendant John Franklin Easom was convicted of attempting to escape from the custody of a United States Marshal in violation of 18 U.S.C. § 751(a) and a separate count of conspiracy to escape in violation of 18 U.S.C. § 371. On appeal the defendant asserts that the trial court erred in failing to grant his motion for acquittal for insufficiency of the evidence to support his conviction on either count; in failing to grant him a separate trial; in failing to require the government to merge the conspiracy and attempt count; and in erroneously instructing the jury on the conspiracy count.

Easom was indicted and tried jointly with three other defendants, Gary Don Johnson, Arthur Wayne Hickman and James Steven Lowe. The four men were incarcerated in the Pulaski County Jail in Little Rock, Arkansas, which held federal prisoners under a contractual arrangement with the federal government. On February 14, 1977, an attempt to escape was made when Johnson began sawing through a bar in his cell with a hacksaw. Lieutenant Joe Johnson investigated the attempt and testified that, as he entered the cell block, Easom said "Quit sawing. Here they come." Lieutenant Johnson found one saw blade wrapped in a handkerchief and three others under a mattress in defendant Johnson's cell. Fred Garner, another inmate at the jail, was called as a government witness. He testified that on the morning of February 14, 1977, all four defendants had agreed upon a plan of escape to be carried out later that day. Garner further stated that Easom had earlier admitted to him that he had smuggled the hacksaw blades into the jail. Hickman and Lowe were acquitted by the jury, but Johnson and Easom were both found guilty.

Easom challenges the sufficiency of the evidence on the ground that Garner's testimony, which had implicated all four defendants, was insufficient as a matter of law to sustain the conviction of Easom in view of the acquittal of Hickman and Lowe. We disagree; even though the jury may not have believed Garner's testimony as to some of the defendants this does not, considering all other attendant facts and circumstances, totally destroy his testimony. Easom had previously been released from the jail and rearrested by federal authorities for violation of his federal parole. He had the opportunity to bring the blades into the cell block; he had allegedly told Garner that he planned to do that very thing. Under the circumstances it is understandable why the jury may have credited that portion of Garner's testimony implicating Easom. In addition, Lieutenant Johnson's testimony further established Easom's complicity in the crime.

Easom claims he was prejudiced by joint trial with the other defendants since he had planned to call the other defendants as exculpatory witnesses. He argues that the joinder prevented him from introducing the exculpatory evidence. The trial court, when confronted with this contention, requested Easom to file pretrial affidavits of other defendants who might give exculpatory testimony. Upon his failure to do so the trial court refused to grant a severance. In *United States v. Graham,* 548 F.2d 1302 (8th Cir. 1977), we held:

> A defendant is not entitled to severance on the weight of an "unsupported possibility" that a co-defendant's testimony might be forthcoming at a separate trial. A defendant's assertion that his co-defendant might testify at a separate trial must find some independent support in the record.

*Id.* at 1311 (citations omitted).

We find no abuse of discretion in the trial court's refusal to grant a severance.

Easom also contends that the conspiracy to escape count and the attempt to escape count should have been merged since the same evidence was required to prove

both counts. We disagree. It is well settled that a defendant may be charged separately for conspiracy to escape and attempt to escape. *See Rutledge v. United States,* 168 F.2d 776, 777 (8th Cir. 1948); *Brown v. United States,* 167 F.2d 772, 774 (8th Cir. 1948).

 We agree with defendant that Count II charging conspiracy to escape must be reversed because of the erroneous instruction on that count. In the court's instruction the trial judge read to the jury the conspiracy charge in the indictment including the allegation that "[o]n or about February 1, 1977, JOHN FRANKLIN EASOM brought four pieces of hacksaw blades into the Pulaski County Jail." The judge then instructed the jury that a guilty verdict should be returned if they found that a conspiracy existed and that at least one of the overt acts had been knowingly committed in furtherance of the object of the conspiracy. Defendant contends that the inclusion of the act of February 1, 1977, as an overt act in furtherance of the conspiracy was reversible error because no evidence was introduced at trial to establish the existence of a conspiracy as of that date. We agree.

No evidence was introduced which showed any conspiracy existed prior to February 14, 1977. The allegation that Easom had brought four pieces of hacksaw blades into the Pulaski County Jail on February 1, 1977, should not have been included in the instruction as an overt act in furtherance of the conspiracy. *See Dahly v. United States,* 50 F.2d 37, 43 (8th Cir. 1931); *Harms v. United States,* 272 F.2d 478, 482 (4th Cir. 1959), *cert. denied,* 361 U.S. 961, 80 S.Ct. 590, 4 L.Ed.2d 543 (1960). Since the jury could have based its finding of Easom's guilt under the conspiracy count on a belief that the alleged act of February 1, 1977, alone had been committed, we must reverse the defendant's conviction on that count.[1]

The conviction on Count I is affirmed, the conviction on Count II is reversed and remanded for a new trial on that count. In view of the fact that the defendant received two 30-month sentences to run concurrently, although we have set aside Count II, we do not perceive any need for resentencing due to the similarity of the two offenses involved. *Cf. Sanders v. United States,* 541 F.2d 190, 195 (8th Cir. 1976), *cert. denied,* 429 U.S. 1066, 97 S.Ct. 796, 50 L.Ed.2d 784 (1977).

---

[1] In a pro se brief Easom alleges a number of grounds for reversal. None of these have merit; most assert alleged defects in the indictment which were waived when not raised by pretrial motion. *See United States v. Calvert,* 523 F.2d 895, 901–02 (8th Cir. 1975), *cert. denied,* 424 U.S. 911, 96 S.Ct. 1106, 47 L.Ed.2d 314 (1976); Fed.R.Crim.P. 12(b)(2).