STATE of Wisconsin, Plaintiff-Appellant,

v.

Melvin L. MOFFETT, Defendant-Respondent.†
[Case No. 99–1768–CR]

STATE of Wisconsin, Plaintiff-Appellant,

v.

Jerrell I. DENSON, Defendant-Respondent.† [Case No. 99–1769–CR]

Court of Appeals

*Nos. 99–1768–CR, 99–1769–CR. Submitted on briefs December 6, 1999.—Decided February 10, 2000.*

2000 WI App 67

(Also reported in 608 N.W.2d 733.)

†Petition to review granted.

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, with *David J. Becker,* assistant attorney general.

On behalf of the defendant-respondent Melvin Moffett, the cause was submitted on the brief of *Patrick J. Stangl* of *Coaty & Stangl, S.C.* of Madison.

On behalf of the defendant-respondent Jerrell I. Denson, the cause was submitted on the brief of *Joseph L. Sommers* of Madison.

Before Eich, Vergeront and Roggensack, JJ.

¶ 1. EICH, J. The State filed an information charging Jarrell Denson and Melvin Moffett with attempted first-degree intentional homicide (as parties to the crime) and with conspiracy to commit first-degree intentional homicide of the same intended victim. Both defendants moved to dismiss the conspiracy charge, arguing that WIS. STAT. § 939.72(2) (1997–98),[1] which provides that no person may be convicted "for conspiracy and . . . as a party to the crime which is the objective of the conspiracy," barred prosecution for both offenses. The circuit court agreed and ordered the State to amend its information to drop one of the charges. The State appeals, arguing that the dual charges do not violate the statute. We agree and reverse the circuit court's order.

¶ 2. Denson and Moffett, together with Nancy Kellogg-Bowman, planned to kill Nancy's husband, Eric Bowman. The plan was that the three of them would furnish a gun to a person named "Zake," who was to gain entry to Bowman's house and murder him

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

in his sleep. Instead of killing Bowman, however, Zake only wounded him and, as we have said, Moffett and Denson were charged with conspiring to murder Bowman and also as parties to his attempted murder.

¶ 3.  WISCONSIN STAT. § 939.72, which we have summarized above, is entitled "**No conviction of both inchoate and completed crime**," and provides as follows:

> A person shall not be convicted under both:

> > (1)   Section 939.30, 948.35 or 948.36 for solicitation and s. 939.05 as a party to a crime which is the objective of the solicitation; or

> > (2)   *Section 939.31 for conspiracy and s. 939.05 as a party to a crime which is the objective of the conspiracy; or*

> > (3)   Section 939.32 for attempt and the section defining the completed crime.

(Emphasis added.)

¶ 4.   Relying largely on *State v. Nutley*, 24 Wis. 2d 527, 129 N.W.2d 155 (1964), the circuit court concluded that WIS. STAT. § 939.72(2) applied to the charges at issue because attempted murder is a "substantive" (e.g. choate) crime, which cannot be charged together with the inchoate offense of conspiracy. We review that conclusion de novo. *See State v. Michels*, 141 Wis. 2d 81, 87, 414 N.W.2d 311 (Ct. App. 1987) (application of a statute to undisputed facts is a matter of law which we decide independently, owing no deference to the trial court's decision).

¶ 5.    Our independent review of the facts and relevant law leads us to disagree with the circuit court. The information charged defendants with (1) being parties to the crime of attempted first-degree intentional homicide and (2) conspiracy to commit first-degree intentional homicide. By definition, both are inchoate crimes. WISCONSIN STAT. ch. 939, the "general crimes" chapter of the Criminal Code, contains several sections, one of which is "INCHOATE CRIMES." In this section appear the offenses of "Solicitation" (WIS. STAT. § 939.30), "Conspiracy" (WIS. STAT. § 939.31) and "Attempt" (WIS. STAT. § 939.32). There is nothing unclear or tentative about the legislature's classification of both conspiracy and attempt as inchoate offenses; and because WIS. STAT. § 939.72 bars only simultaneous convictions for an inchoate and a completed crime, we do not see how the circuit court's decision can stand.[2]

---

[2] Moffett claims that the fact that defendants were charged with attempted murder as parties to the crime somehow makes a difference with respect to categorization of the offense as an inchoate or completed crime. As we mention later in this opinion, however, the supreme court has stated quite plainly that charging the defendant as a party to an offense "does not add to or alter the elements of the offense . . . ." *State v. Horenberger*, 119 Wis. 2d 237, 243, 349 N.W.2d 692 (1984). The *Horenberger* court stated:

When a person is charged as a party to a crime, it is a way of establishing criminal liability separate from proving the elements of the underlying offenses. The party to a crime charge does not add or alter the elements of the offense [of] which the defendant is charged as a party. *The manner of participation in a crime is not an element of the offense [of] which one is charged as a party to the crime.* As we noted in *Holland v. State*, 91 Wis. 2d 134, 143, 280 N.W.2d 288 (1979), there is no such separate offense as aiding and

¶ 6. As indicated, the circuit court felt that the supreme court's 1964 decision in *State v. Nutley* had the effect of designating attempt as a "substantive" or choate offense, despite the contrary statutory classification, because, at one point in its decision—in a section considering whether the defendants' liability was predicated on their role as "conspirators"—the *Nutley* court described the offense of attempted first-degree homicide as "a substantive crime." *Id.*, 24 Wis. 2d at 561, 129 N.W.2d at 170. The defendants in *Nutley* had been found guilty—as parties to the offenses—of murdering one police officer and attempting to murder a second. The supreme court concluded that the evidence was sufficient to convict both defendants of both offenses under what it described as the "complicity" or "conspiracy" theory of the party-to-the-crime statute, WIS. STAT. § 939.05(2). As the court explained, the statute renders a person "vicariously liable for the substantive crime of another [person]" under several circumstances. *Id.* at 555. The statute provides that persons "concerned in the commission of a crime" are considered as "principals" in the offense and may be charged and convicted of the crime along with the actual perpetrator. And it states that a person is "concerned in the commission of a crime" if he or she:

    (a)   Directly commits the crime; or

---

abetting in another offense. We concluded in *Holland* that the method of complicity in an offense under the party to a crime statute was not an essential element of the offense upon which the jury must agree unanimously. *Thus, the proof of the acts which can support liability as party to a crime is separate from proof of the underlying criminal act.*

*Id.* at 243 (emphasis added; internal citation omitted).

(b)   Intentionally aids and abets the commission of it; or

(c)   Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime . . . .[3]

¶ 7.   The *Nutley* defendants argued that if their liability as parties to the crimes was predicated on their having agreed (or "conspired") to commit them, then the life sentences they received were excessive as a matter of law because WIS. STAT. § 939.31, which defines the crime of conspiracy, indicates that a sentence for one convicted of a conspiracy to commit a crime for which the penalty is life imprisonment, may not exceed thirty years. The supreme court rejected the argument. It noted that if the defendants had agreed to kill the two officers and "did only one thing to carry out this plan but short of shooting to kill or to attempt to kill," then they could have been convicted of conspiracy under § 939.31, and the sentencing limitations of that statute "would have been relevant." *Nutley*, 24 Wis. 2d at 561. According to the court, the *Nutley* case presented an entirely different situation. The defend-

---

[3] The court summarized the statute's effect as follows:

(1)   The parties may enter into an agreement to commit a particular crime. The fact of agreement imposes liability for the substantive offense on all conspirators when the crime is consummated by a single perpetrator.

(2)   During the course of executing the crime on which there is agreement, one person commits another crime which is, objectively, the natural and probable consequence of the agreed-upon crime. Under these circumstances, the fact of agreement renders all parties liable for the incidental crime.

*Nutley*, 24 Wis. 2d at 555–56.

ants in *Nutley* "were convicted of a substantive crime [*e.g.*, attempted murder], in part, at least, on the theory that they were conspirators, and hence were guilty, as principals, of the crimes charged." *Id.* In other words, the *Nutley* defendants were not charged or convicted of the crime of conspiracy under § 939.31; rather, they were convicted of being parties to the crime of murder (and attempted murder) under WIS. STAT. § 939.05(2), and, as persons "concerned in those crimes" because of their agreement (or "conspiracy"), the law considers them guilty of the crimes as if they had "directly committed" them.

¶ 8.  There is, in short, nothing in *Nutley* to indicate precisely what the court meant by the term "substantive," or that it intended by the incidental use of that word to classify the crime of attempt as a choate offense, contrary to the plain provisions of WIS. STAT. § 939.31. Indeed, as indicated, that statute was not before the *Nutley* court (other than very indirectly, as we have just indicated); the issue in that case concerned the "conspiracy" or "complicity" elements of the party-to-the-crime statute, WIS. STAT. § 939.05. We think, therefore, that the circuit court's reliance on *Nutley* as controlling here was misplaced. Moffett and Denson were charged with conspiring (with Bowman's wife) to murder Bowman. The information plainly states that the objective of their conspiracy was to kill him. As a result, neither WIS. STAT. § 939.71(2), which bars conviction of both conspiracy and the "crime which is the objective of the conspiracy," nor WIS. STAT. § 939.72(3), which prohibits "attempt and the section defining the completed crime," bars the charges and/or convictions in this case. As to the former, defendants were not charged with, or convicted of, a crime which

was the object of their conspiracy—first-degree homicide. Nor were they charged with a completed crime and an attempt to commit that crime—charges barred by § 939.72(3).

¶ 9.   Our decision in this regard is consistent with numerous decisions in other jurisdictions—decisions allowing a defendant to be charged with, and convicted of, a conspiracy to commit a specific crime, and an attempt to commit the same offense. *See, e.g., State v. Carey*, 206 S.E.2d 222, 225 (N.C. 1974) (a conspiracy and an attempt to accomplish the intended crime are separate offenses and the conspirators may be convicted and punished for both); *United States v. Barrett*, 933 F.2d 355, 361 (6th Cir. 1991) (conspiracy and attempt are separate offenses, each requiring proof of an element not required by the other, and no merger of offenses occurs in such a situation); *United States v. Easom*, 569 F.2d 457, 458–59 (8th Cir. 1978) (defendant may be charged separately for conspiracy to escape and attempt to escape); *State v. Villalobos*, 905 P.2d 732, 736 (N.M. Ct. App. 1995) (defendants properly convicted of attempted trafficking, and conspiracy to traffic, controlled substances); *Wooten-Bey v. State*, 547 A.2d 1086, 1098 (Md. Ct. Spec. App. 1988) (conviction for both conspiracy to rob and attempted robbery upheld on basis that the offenses "address different criminal behavior").[4]

¶ 10.   In its decision denying the State's motion for reconsideration, the circuit court suggested that the

---

[4] Because we conclude that WIS. STAT. § 939.72 is inapplicable to the instant case, we need not consider the parties' arguments concerning whether that section bars only the *conviction* of an inchoate and a completed crime, or whether it also bars the *charging* of the crimes.

charges and convictions might implicate the double jeopardy clauses of the Wisconsin and United States Constitutions, which prohibit multiple convictions for the same offense. *See* U.S. CONST. amend. V; WIS. CONST. art. I, § 8; *State v. Sauceda,* 168 Wis. 2d 486, 492, 485 N.W.2d 1 (1992). This, too, is a question of law, which we review independently. *Id.*

¶ 11. To determine whether charges are multiplicitous, we apply a two-part test. *State v. Lechner,* 217 Wis. 2d 392, 402–03, 576 N.W.2d 912 (1998). Using the "elements-only" test of *Blockburger v. United States,* 284 U.S. 299 (1932), we first determine whether each offense requires proof of an additional element that the other does not.[5] *Lechner* at 405. The inquiry focuses on the statutes defining the offenses and has been codified in WIS. STAT. § 939.66(1), which provides that a defendant "may be convicted of either the crime charged or an included crime, but not both," and defines "included crime" as one "which does not require proof of any fact in addition to those which must be proved for the crime charged." *State v. Johnson,* 178 Wis. 2d 42, 49, 503 N.W.2d 575 (Ct. App. 1993). Thus, under the test,

> an offense is a "lesser included" one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the "greater" offense. . . .

---

[5] Under the rule, multiple punishments are permissible only if each offense requires proof of an additional element or fact which the other offense or offenses do not. *State v. Sauceda,* 168 Wis. 2d 486, 501 485 N.W.2d 1 (1992). If the offenses are identical in law and fact, multiple punishment is barred. *Id.*

> [A]n offense is not a lesser-included one if it contains an additional statutory element.

*Johnson*, 178 Wis. 2d at 49. If the *Blockburger* test is met, we presume that the legislature intended to permit cumulative punishments for both offenses, *State v. Kuntz*, 160 Wis. 2d 722, 755, 467 N.W.2d 531 (1991), and the question becomes whether other factors exist which clearly indicate a contrary legislative intent. *State v. Rabe*, 96 Wis. 2d 48, 63, 291 N.W.2d 809 (1980).

¶ 12.   We begin by comparing the statutes defining the two offenses. The crime of attempt is defined as follows in WIS. STAT. § 939.32(3):

> An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that the actor does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

WISCONSIN STAT. § 939.31 defines the crime of conspiracy.

> Except as provided in ss. 940.43 (4), 940.45 (4) and 961.41 (1x), whoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both not to exceed the maximum provided for the completed crime; except that for a conspiracy to commit a crime for which the penalty is life imprisonment, the actor is guilty of a Class B felony.

¶ 13.   The language of the two statutes indicates quite plainly, we think, that neither offense includes the other. Each requires proof of an element which the other does not. To convict a person of attempt, the State must prove that he or she did "acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that [he or she] formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor." The crime of conspiracy does not require any such act. It attaches at an earlier stage, requiring only "an act to effect [the] object [of the conspiracy]"—and there is no requirement that that act must demonstrate unequivocally that the defendant formed an intent and would have committed the crime but for an extraneous intervening factor. The crime is complete when there is an agreement and an initial overt act in furtherance of the agreement.

¶ 14.   These same preparatory acts, however, would not be sufficient to convict either the actor or his or her co-conspirators for attempt—a crime that is complete only at the latest possible stage before commission of the ultimate offense, and thus one requiring proof of an element or elements beyond those which would justify a conviction for conspiracy. By the same token, conspiracy requires proof of an element—an agreement or combination for the purpose of committing a crime—that attempt (a crime which, as the State notes, may be committed by an individual) does not.[6]

---

[6] We recognize that the definition of conspiracy used in the jury instruction for the crime of conspiracy (WIS. STAT. § 939.31) and the "agreement" or "conspiracy" element of the party-to-the-crime statute (WIS. STAT. § 939.05(2)(c)) are the same. *See* WIS JI—CRIMINAL 570 and 410. Noting that fact, the trial court

¶ 15.  The *Blockburger* test having been met, we look to see whether the legislature has "clearly intended" that cumulative punishments for the offenses should nonetheless be barred. We have referred to, and quoted from, the applicable statutes at some length, and we see nothing in their language that would indicate any such intent. Defendants contend that "a commonsense reading of WIS. STATS. § 939.72(2), clearly implies that the legislature saw conspiracy and party to the crime as equivalent courses of conduct to which [it] intended a defendant to be liable [to] one

concluded that because "proof of the conspiracy would be included in the party to a crime liability for attempted murder under the conspiracy theory . . . [i]t does not then appear that each statute requires proof of an additional fact which the other does not." We disagree. That conclusion ignores the fact that, although the description of a "member of a conspiracy" is the same under both sections, conspiracy under § 939.05(2)(c), as a party to the crime, cannot be considered in isolation when employing the "elements-only" test; it must be analyzed in conjunction with the crime of attempt—for the actual crime charged in this case was being a party to the crime of attempted first-degree intentional homicide. And, as we have said, when the two are read together, an attempt still requires proof of an additional fact which the crime of conspiracy does not—an "act[ ] toward the commission of the crime which demonstrate[s] unequivocally, under all the circumstances, that the [defendant] formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor." WIS. STAT. § 939.32(3). Additionally, as we also have noted—and as the State emphasizes in its reply brief—a charge of being a party to the crime does not alter the nature of the underlying offenses; and proof of the acts which can support liability as a party to a crime is separate and distinct from proof of the underlying criminal act. *See supra* note 2; *Horenberger*, 119 Wis. 2d at 243.

conviction, i.e., one prosecution." Their argument is that, allowing convictions for two inchoate offenses (as in this case) produces absurd results, which they illustrate as follows: one who conspires to commit a Class B forty-year felony, and then successfully commits the crime, would be subject to no more than forty years' imprisonment (because WIS. STAT. § 939.72 would prohibit conviction of both the conspiracy and the completed crime), while another person conspiring to commit a Class B felony, and is also charged with being a party to the *unsuccessful* attempt to carry out the crime, is subject to a total potential sentence of sixty years (forty for conspiracy and twenty for attempt) because § 939.72 would not, under our interpretation, bar conviction of the two inchoate crimes of conspiracy and attempt. In other words, a defendant who conspires to commit, and then is a party to an attempt to commit, a felony, faces potential punishment that is less severe if the attempt succeeds and the crime is actually committed than he or she would face if the attempt fails. This, defendants urge, is an "absurd," "scandalous," and "incredible" result.

¶ 16.    The argument fails to take into consideration that higher penalties are possible in the latter situation because the defendant is convicted—properly under the statutory scheme, as we hold above—of *two* offenses, rather than a single offense. We agree with the State that what defendants really argue here is that the legislature didn't go far enough in enacting WIS. STAT. § 939.72 so as to avoid what they characterize as an anomaly in potential penalties; and that it should have extended the statute's reach to prohibit conviction of two inchoate crimes which have the same completed crime as their objective. It is not for us to

rewrite or amend an act of the legislature, however. "If a statute fails to cover a particular situation and the omission should be cured, the remedy lies with the legislature, not the courts." *State v. Reagles*, 177 Wis. 2d 168, 176, 501 N.W.2d 861 (Ct. App. 1993). Even where the plain language of a statute creates an incongruous—or even an unreasonable—result, we can't change that language—or that result—by judicial fiat; "th[e]se are essentially policy arguments [which] must be addressed to the legislature." *State v. Isaac J.R.*, 220 Wis. 2d 251, 259, 582 N.W.2d 476 (Ct. App. 1998); *see also State v. Richards*, 123 Wis. 2d 1, 12, 365 N.W.2d 7 (1985).

 *By the Court.*—Orders reversed.