STATE of Wisconsin, Plaintiff-Appellant,

v.

Melvin L. MOFFETT, Defendant-Respondent-Petitioner.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Jerrell I. DENSON, Defendant-Respondent-Petitioner.

Supreme Court

*Nos. 99–1768–CR, 99–1769–CR. Oral argument November 2, 2000.—Decided December 19, 2000.*

## 2000 WI 130

(Also reported in 619 N.W.2d 918.)

For the defendant-respondent-petitioner, Melvin Moffett, there were briefs by *Patrick J. Stangl* and *Coaty & Stangl, S.C.*, Madison, and oral argument by *Patrick J. Stangl*.

For the defendant-respondent-petitioner, Jerrell I. Denson, there were briefs by *Joseph L. Sommers*, Madison, and oral argument by *Joseph L. Sommers*.

For the plaintiff-appellant the cause was argued by *David J. Becker*, assistant attorney general, with whom on the briefs was *James E. Doyle*, attorney general.

¶ 1. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE. This is a review of a published decision of the court of appeals, *State v. Moffett*, 2000 WI App 67, 233 Wis. 2d 628, 608 N.W.2d 733, reversing an order of the Circuit Court for Dane County, Stuart A. Schwartz, Circuit Court Judge. The circuit court granted the defense motion to bar the State from charging Melvin L. Moffett and Jerrell I. Denson, the defendants, with being parties to the crime of attempted first-degree intentional homicide under Wis. Stat.

[1] Wisconsin Stat. § 939.32(1)(a), entitled "Attempt," provides as follows:

> Whoever attempts to commit a felony. . .may be fined or imprisoned or both not to exceed one-half the maximum penalty for the completed crime; except:
>
> (a) Whoever attempts to commit a crime for which the penalty is life imprisonment is guilty of a Class B felony.

All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

[2] Wisconsin Stat. § 939.05(1), entitled "Parties to crime," provides that a person "concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it."

Section 939.05(2) states:

> A person is concerned in the commission of the crime if the person:
>
> (a) Directly commits the crime; or
>
> (b) Intentionally aids and abets the commission of it; or
>
> (c) Is a party to a conspiracy with another to commit it or advises, hires, counsels, or otherwise procures another to commit it. Such a party is also concerned in the commission of any other crime which is committed in pursuance of the intended crime and which under the circumstances is a natural and probable consequence of the intended crime. . . .

The complaint in the present case does not state, and it need not state, how the defendants were "concerned in the commission of the crime," that is, the complaint does not state whether the defendants' actions fall under § 939.05(2)(a), (b), or (c). The circuit court assumed that the parties came within subsection (c) as a party to a conspiracy. The State notes that it has not determined its theory of liability under Wis. Stat. § 939.05 and may prove that the defendants aided and abetted the crime of attempted first-degree intentional homicide under Wis. Stat. § 939.05(2)(b).

The concept of conspiracy thus potentially appears in two forms in this case: as a conspirator party to the

with the crime of conspiracy to commit intentional homicide under Wis. Stat. § 939.31 (1997–98).[3] The circuit court ordered the State to amend its information to charge the defendants with one or the other of the two crimes—but not both. The court of appeals reversed the order of the circuit court.

¶ 2. The parties present the following question to this court: May the State charge the defendants with two crimes, that is, with being parties to the crime of attempted first-degree intentional homicide and with the crime of conspiracy to commit first-degree intentional homicide—when both crimes had only one and the same intended victim? Stating the question more generally, may an accused be charged with both being a party to an attempt to commit a crime and a conspiracy to commit the same crime? For the reasons set forth below, we answer this question affirmatively.[4]

---

crime of attempted first-degree intentional homicide under § 939.05(2)(c) and as a participant in the inchoate crime of conspiracy under § 939.31.

[3] The inchoate crime of conspiracy is set forth in Wis. Stat. § 939.31 as follows:

> 939.31 Conspiracy. Except as provided in ss. 940.43(4), 940.45(4) and 961.41(lx), whoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both not to exceed the maximum provided for the completed crime; except that for a conspiracy to commit a crime for which the penalty is life imprisonment, the actor is guilty of a Class B felony.

[4] This case presents a question of law that this court determines independently of the circuit court and court of appeals, benefiting from their analyses. As best the parties and the court can determine, the present case is the first appellate case to raise this issue.

## I

¶ 3. This case comes before us at the pleading stage. Accordingly the facts of this case are still very much in dispute. We look to the criminal complaint for the alleged facts to put the legal issue presented to this court in context.

¶ 4. According to the criminal complaint, in 1996 Nancy Kellogg-Bowman allegedly began to discuss with defendant Melvin L. Moffett the possibility of killing her husband for the proceeds of his life insurance policy. Upon Moffett's release from prison in April 1998, he and Kellogg-Bowman traveled to his mother's house. There they met with defendant Jerrell I. Denson, who is Moffett's nephew, and another individual, known as "Zake," later identified as Isaiah Hunter. Moffett allegedly provided Kellogg-Bowman with a gun and instructed her to give it to Zake, who would use the gun to kill her husband. Denson then drove Zake to a gas station, so that Zake would not be seen leaving the residence with Kellogg-Bowman. Kellogg-Bowman picked Zake up at the gas station and drove him to her home in Madison, Wisconsin, carrying the gun in her purse.

¶ 5. After Kellogg-Bowman's husband went to bed, he was allegedly awakened by two popping sounds and flashes. The husband allegedly saw Zake standing over him, holding a gun, and repeatedly pulling the trigger. However, the gun only clicked four or five times and did not fire. Zake left the bedroom, with the husband following. Zake again pointed the gun at the husband and it clicked two or three more times. The husband then tried to hide in the bathroom, but Zake followed him and pushed the door open. The husband heard the gun click two or three more times. Zake then

fled the house, and the husband heard what he thought was his wife's vehicle driving away.

¶ 6. While the attack was taking place, Kellogg-Bowman had allegedly been driving around the neighborhood. When she returned, Zake came out of the house and told her that the gun had jammed and that he would instead use a sharp knife to kill the husband. After Kellogg-Bowman told Zake that there were no sharp knives in the house, they drove away together and disposed of the gun. In the meantime, the husband telephoned 911. The husband had been shot in the hand and the right buttock.

¶ 7. The State's information, dated November 10, 1998, charged the defendants with one count of being parties to the crime of attempted first-degree intentional homicide, in violation of Wis. Stat. §§ 940.01(1) (first-degree intentional homicide), 939.32(1)(a) (attempt to commit a crime for which the penalty is life imprisonment), 939.63(1)(a)2 (penalties for committing a crime while using a dangerous weapon), and 939.05 (party to a crime), and another count of conspiracy to commit intentional homicide in violation of Wis. Stat. § 939.31. Both defendants filed motions to dismiss one of the counts as contrary to Wis. Stat. § 939.72(2), which states that a person shall not be convicted under both § 939.31 for conspiracy and § 939.05 "as a party to a crime which is the objective of the conspiracy."

¶ 8. The circuit court granted the defendants' motion. On July 8, 1999, the State filed an amended information, charging defendant Moffett with being a party to the crime of attempted first-degree intentional homicide and charging defendant Denson with conspiracy to commit intentional homicide. The State also filed an appeal with the court of appeals. The court of appeals reversed the order of the circuit court. The

defendants seek review in this court of the court of appeals decision.

## II

¶ 9. The defendants argue that charging them with being parties to the crime of attempted first-degree intentional homicide and with the crime of conspiracy to commit the same first-degree intentional homicide violates Wis. Stat. § 939.72(2), which bars convictions for both conspiracy and being "a party to a crime which is the objective of the conspiracy." Section 939.72 provides as follows:

A person shall not be convicted under both:

(1) Section 939.30, 948.35 or 948.36 for solicitation and s. 939.05 as a party to a crime which is the objective of the solicitation; or

(2) Section 939.31 for conspiracy and s. 939.05 as a party to a crime which is the objective of the conspiracy; or

(3) Section 939.32 for attempt and the section defining the completed crime.

¶ 10. The defendants argue that the circuit court correctly interpreted Wis. Stat. § 939.72(2) as barring a conviction for being party to the crime of attempted first-degree intentional homicide under Wis. Stat. §§ 939.05 and 939.32 and the crime of conspiracy to commit intentional homicide under Wis. Stat. § 939.31. They further contend that if a conviction under both statutes is barred, then charging under both statutes is also barred.[5]

_____

[5] The defendants focus on an anomaly that might arise if an offender could not be convicted for the crime of conspiracy and a completed crime, but could be convicted for the crime of conspir-

¶ 11. The State argues that Wis. Stat. § 939.72(2) does not bar a conviction under both charges in the present case. The objective of the conspiracy, the State explains, was intentional homicide, but the defendants were charged with being parties to the crime of *attempted* intentional homicide. According to the State, the defendants were thus not charged with, and will not be convicted of, to use the words of § 939.72(2), "a crime which [was] the objective of the conspiracy." Moreover, because § 939.72(2) prohibits only a *conviction* under both § 939.31 for conspiracy and § 939.05 as a "party to a crime which is the objective of the conspiracy," the State argues that § 939.72(2) does not apply to the present case because this case is only at the pleading stage.[6]

---

acy and as party to an attempt. Thus an offender could face a lower maximum sentence for a completed crime than for an attempted crime and conspiracy to commit a crime. As the court of appeals explained, "a defendant who conspires to commit, and then is a party to an attempt to commit, a felony, faces potential punishment that is less severe if the attempt succeeds and the crime is actually committed than he or she would face if the attempt fails." *State v. Moffett*, 2000 WI App 67, ¶ 15, 233 Wis. 2d 628, 608 N.W.2d 733.

The State argues that even if such an anomalous result might occur under certain circumstances, that would be a matter for the legislature, not the courts.

The issues of conviction under both statutes and the possible anomaly are not before us in the present case.

[6] The State took a different approach before the circuit court. The State argued in the circuit court that if the jury's verdict was guilty on both counts, the State would move to dismiss one of those two counts so that there would be only one conviction. Nevertheless the circuit court concluded that the State must drop one of the counts before trial. The circuit court concluded that the charge of conspiracy and the charge of party

¶ 12. We agree with the State. Nothing in Wis. Stat. § 939.72 bars the State from charging a defendant with the crime of conspiracy and with being a party to the crime that is the objective of the conspiracy. Quite simply, Wis. Stat. § 939.72 governs only convictions and does not bar the State from bringing and proceeding with charges set forth in multiple statutes. The issue under Wis. Stat. § 939.72(2) of whether defendants can be *convicted* of the crime of conspiracy to commit intentional homicide and of being parties to the crime of attempted first-degree intentional homicide is not before us at this juncture of the case.

¶ 13. Because we conclude that Wis. Stat. § 939.72(2) governing multiple convictions is inapplicable to the present case, involving pleading and multiple charges, we must consider the defendants' other arguments to support their position that the State is barred from charging both crimes.

¶ 14. The defendants argue that the two counts charged are multiplicitous. Multiple charging based on a single course of conduct implicates the federal and state constitutional protections against double jeopardy for the same offense.[7] Multiplicity challenges often arise when an accused's repeated acts are charged as separate crimes. In such cases, an accused

to the crime (as a conspirator) of attempted intentional first-degree homicide would lead to jury confusion and an inability on the part of the court as well as the parties to know what evidence the jury might have relied upon in reaching one of its verdicts. Like the court of appeals, we are not persuaded by the jury confusion argument because Wis. Stat. § 971.12(3) provides the possibility of other remedies.

[7] *See State v. Kanarowski*, 170 Wis. 2d 504, 509, 489 N.W.2d 660 (Ct. App. 1992).

claims the acts are part of a continuous transaction and therefore a single crime, while the prosecutor asserts that a particular statute creates several separate offenses rather than a single crime that can be accomplished through multiple means.[8] Another but less common way in which a multiplicity challenge arises is when an accused is charged with multiple offenses under separate criminal statutes based on the same course of conduct.[9] The present case falls in this latter category of multiplicity cases.

¶ 15. The State and the defendants agree that the following two-part test applies to a multiplicity challenge:[10] (1) are the charged offenses identical in law and fact, and (2) if the offenses are not identical in law and fact, did the legislature intend the multiple charges to be brought as a single charge?[11]

¶ 16. The court of appeals carefully examined the two charges in this case and found them to be not identical in law and fact. Defendant Denson agrees with the court of appeals analysis of this part of the test. Defendant Moffett argues that the charges in the present case fail this part of the test. He urges this court to compare the elements of the party to a crime statute (§ 939.05(2)(c)) with the elements of conspiracy

[8] *See, e.g., State v. Derango*, 2000 WI 89, ¶ 27, 236 Wis. 2d 721, 613 N.W.2d 833; Wayne R. LaFave, Jerold H. Israel & Nancy J. King, *Criminal Procedure* § 19.3(c), at 776 (2d ed. 1999).

[9] *See, e.g., State v. Kanarowski*, 170 Wis. 2d 504, 489 N.W.2d 660 (Ct. App. 1992).

[10] Although the two defendants make slightly different arguments, we treat their arguments together.

[11] *See, e.g., State v. Derango*, 2000 WI 89, ¶ 29, 236 Wis. 2d 721, 613 N.W.2d 833, and *State v. Anderson*, 219 Wis. 2d 739, 746, 580 N.W.2d 329 (1998), describing this two-part test.

(§ 939.31), rather than compare the elements of attempt (§ 939.32) with the elements of conspiracy (§ 939.31) as the court of appeals did. We agree with the court of appeals that the two charges in this case are not identical in law and fact and adopt the court of appeals discussion at 233 Wis. 2d 628 at ¶¶ 11–14 as our own at the appendix attached.

¶ 17. We therefore turn to the second part of the test. The defendants argue that the legislature did not intend to allow the State to charge an accused with conspiracy to commit intentional homicide under Wis. Stat. § 939.31 and with being a party to the crime of attempted first-degree intentional homicide under Wis. Stat. §§ 939.32(1)(a) and 939.05. But the only proof of legislative intent is the language and the legislative history of § 939.72(2).

¶ 18. The defendants argue that Wis. Stat. § 939.72(2) is clear evidence of a legislative intent not to charge an accused with conspiracy to commit intentional homicide and with being a party to the crime of attempted first-degree intentional homicide. We disagree with the defendants. The clear language of Wis. Stat. § 939.72(2) refers to convictions, not charges. Nothing in the legislative history of Wis. Stat. § 939.72(2) suggests otherwise.[12] We agree with the State that by limiting Wis. Stat. § 939.72(2) to convic-

[12] The comment to 1953 Assembly Bill 100, in which the legislature enacted § 339.72, later renumbered as Wis. Stat. § 939.72, and upon which the defendants rely, reads as follows:

> Like the preceding section, this section treats one phase of the double jeopardy problem. Since under this code the inchoate crimes (attempt, conspiracy, and solicitation) are considered equally as serious as the completed crime in that they demonstrate to the same extent the actor's criminal tendencies, and since the same penalty is permissible for the inchoate crime as for the completed crime, it manifestly would be unfair to permit conviction of both.

tions and by enacting Wis. Stat. § 939.65 allowing the State to bring multiple charges, the legislature has clearly expressed its intent to allow the State to proceed with both charges in the present case.

¶ 19. Section 939.65 gives prosecutors broad authority to charge under multiple statutes and provides that "if an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions."[13] Except for their arguments relating to Wis. Stat. § 939.72(2), the defendants offer no justification

---

This comment refers expressly to "penalty" and "conviction" but does not support defendants' contention that the legislature intended to prohibit multiple charging.

[13] Wisconsin Stat. § 939.65 provides:

> Except as provided in s. 948.025 (3), if an act forms the basis for a crime punishable under more than one statutory provision, prosecution may proceed under any or all such provisions.

Wisconsin Stat. § 948.025(3), to which § 939.65 refers, is entitled "Engaging in repeated sexual acts of sexual assault of the same child," and provides:

> The state may not charge in the same action a defendant with a violation of this section and with a felony violation involving the same child under ch. 944 or a violation involving the same child under s. 948.02, 948.05, 948.06, 948.07, 948.08, 948.10, 948.11 or 948.12, unless the other violation occurred outside of the time period applicable under sub. (1). This subsection does not prohibit a conviction for an included crime under s. 939.66 when the defendant is charged with a violation of this section.

Notwithstanding § 939.65, the State does not have unlimited power in charging multiple offenses under separate statutory provisions. For example, the State recognizes that when one of the offenses is a lesser-included offense of the other, both the offense and the lesser-included offense cannot be charged. *See State v. Kennedy*, 134 Wis. 2d 308, 324, 396 N.W.2d 765 (Ct. App. 1986).

for not applying § 939.65 to the present case. Thus we conclude that the defendants' conduct forms the basis for two different offenses under two different statutory provisions and that Wis. Stat. § 939.65 permits the State to proceed under both statutory provisions. Section 939.65 is "a clear and unequivocal statement of the legislature's intent that multiple charging under different statutory provisions is permitted where an act forms the basis for a crime under more than one statutory provision."[14]

¶ 20. The defendants also argue that the multiple charges in the present case are fundamentally unfair. The court of appeals disposed of this argument in *State v. Kanarowski*, 170 Wis. 2d 504, 489 N.W.2d 660 (Ct. App. 1992). The court of appeals explained that the first part of the multiplicity test, whether the offenses are identical in law or fact, "is not separate from a fundamental fairness analysis. [This test] is the way that courts in this state have attempted to apply fundamental fairness concerns to charging decisions." *Kanarowski*, 170 Wis. 2d at 514.

¶ 21. In conclusion, we hold that the State may properly charge the defendants with being parties to the crime of attempted first-degree intentional homicide and with conspiracy to commit first-degree intentional homicide of one intended victim.

¶ 22. For the reasons set forth, we affirm the decision of the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

---

[14] *State v. Kanarowski*, 170 Wis. 2d 504, 515, 489 N.W.2d 660 (Ct. App. 1992) (Nettesheim, P.J., concurring).

## APPENDIX

In ¶ 16 above, we adopt the following paragraphs from *State v. Moffett*, 2000 WI App 67, 233 Wis. 2d 628, 608 N.W.2d 733. The paragraphs are set forth here:

¶ 11. To determine whether charges are multiplicitous, we apply a two-part test. *State v. Lechner*, 217 Wis. 2d 392, 402–03, 576 N.W.2d 912 (1998). Using the "elements-only" test of *Blockburger v. United States*, 284 U.S. 299 (1932), we first determine whether each offense requires proof of an additional element that the other does not.[5] *Lechner* at 405. The inquiry focuses on the statutes defining the offenses and has been codified in Wis. Stat. § 939.66(1), which provides that a defendant "may be convicted of either the crime charged or an included crime, but not both," and defines "included crime" as one "which does not require proof of any fact in addition to those which must be proved for the crime charged." *State v. Johnson*, 178 Wis. 2d 42, 49, 503 N.W.2d 575 (Ct. App. 1993). Thus, under the test,

> an offense is a "lesser included" one only if all of its statutory elements can be demonstrated without proof of any fact or element in addition to those which must be proved for the "greater" offense. . . .[A]n offense is not a lesser-included one if it contains an additional statutory element.

*Johnson*, 178 Wis. 2d at 49. If the *Blockburger* test is met, we presume that the legislature intended to permit cumulative punishments for both offenses, *State v. Kuntz*, 160 Wis. 2d 722, 755, 467 N.W.2d 531 (1991),

[5] Under the rule, multiple punishments are permissible only if each offense requires proof of an additional element or fact which the other offense or offenses do not. *State v. Sauceda*, 168 Wis. 2d 486, 501 485 N.W.2d 1 (1992). If the offenses are identical in law and fact, multiple punishment is barred. *Id.*

and the question becomes whether other factors exist which clearly indicate a contrary legislative intent. *State v. Rabe*, 96 Wis. 2d 48, 63, 291 N.W.2d 809 (1980).

¶ 12. We begin by comparing the statutes defining the two offenses. The crime of attempt is defined as follows in Wis. Stat. § 939.32(3):

> An attempt to commit a crime requires that the actor have an intent to perform acts and attain a result which, if accomplished, would constitute such crime and that the actor does acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that the actor formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.

Section 939.31 defines the crime of conspiracy.

> Except as provided in ss. 940.43 (4), 940.45 (4) and 961.41 (1x), whoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both not to exceed the maximum provided for the completed crime; except that for a conspiracy to commit a crime for which the penalty is life imprisonment, the actor is guilty of a Class B felony.

¶ 13. The language of the two statutes indicates quite plainly, we think, that neither offense includes the other. Each requires proof of an element which the other does not. To convict a person of attempt, the State must prove that he or she did "acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that [he or she] formed that intent and would commit the crime except for the

intervention of another person or some other extraneous factor." The crime of conspiracy doesn't require any such act. It attaches at an earlier stage, requiring only "an act to effect [the] object [of the conspiracy]"—and there is no requirement that that act must demonstrate unequivocally that the defendant formed an intent and would have committed the crime but for an extraneous intervening factor. The crime is complete when there is an agreement and an initial overt act in furtherance of the agreement.

¶ 14. These same preparatory acts, however, would not be sufficient to convict either the actor or his or her co-conspirators for attempt—a crime that is complete only at the latest possible stage before commission of the ultimate offense, and thus one requiring proof of an element or elements beyond those which would justify a conviction for conspiracy. By the same token, conspiracy requires proof of an element—an agreement or combination for the purpose of committing a crime—that attempt (a crime which, as the State notes, may be committed by an individual) does not.[6]

---

[6] We recognize that the definition of conspiracy used in the jury instruction for the crime of conspiracy (Wis. Stat. § 939.31) and the "agreement" or "conspiracy" element of the party-to-the-crime statute (Wis. Stat. § 939.05(2)(c)) is the same. *See* Wis JI - Criminal 570 and 410. Noting that fact, the trial court concluded that because "proof of the conspiracy would be included in the party to a crime liability for attempted murder under the conspiracy theory. . .[i]t does not then appear that each statute requires proof of an additional fact which the other does not." We disagree. That conclusion ignores the fact that, although the description of a "member of a conspiracy" is the same under both sections, conspiracy under § 939.05(2)(c), as a party to the crime, cannot be considered in isolation when employing the "elements-only" test; it must be analyzed in con-

junction with the crime of attempt — for the actual crime charged in this case was being a party to the crime of attempted first-degree intentional homicide. And, as we have said, when the two are read together, an attempt still requires proof of an additional fact which the crime of conspiracy does not — an "act[ ] toward the commission of the crime which demonstrate[s] unequivocally, under all the circumstances, that the [defendant] formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor." Wis. Stat. § 939.32(3). Additionally, as we also have noted — and as the State emphasizes in its reply brief — a charge of being a party to the crime does not alter the nature of the underlying offenses; and proof of the acts which can support liability as a party to a crime is separate and distinct from proof of the underlying criminal act. *See* [*State v. Horenberger*, 119 Wis. 2d 237, 243, 349 N.W.2d 692 (1984)].