State of Wisconsin Plaintiff-Respondent,
v.
James L. Kirk, Defendant-Appellant.
No. 03-1779.
Court of Appeals of Wisconsin.
Opinion Filed: July 22, 2004.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 PER CURIAM.
James Kirk, pro se, appeals the circuit court's order denying his motion brought pursuant to WIS. STAT. § 974.06 (2001-02).[1] Kirk raises a number of issues regarding the judgment convicting him of conspiracy to manufacture or distribute marijuana, as a party to a crime and as a repeater. We affirm.
¶2 Kirk first argues that the circuit court did not have personal jurisdiction to accept his no contest plea because an information was not filed. Kirk is wrong. An information was filed in the circuit court on October 19, 2000. Therefore, we reject this claim.
¶3 Kirk next argues that he was impermissibly convicted of both conspiracy and being party to a crime. WISCONSIN STAT. § 939.72 prohibits a defendant from being convicted of both conspiracy under WIS. STAT. § 939.31 and the crime that is the objective of the conspiracy, as a party to the crime, under WIS. STAT. § 939.05. Kirk was convicted of only one charge, conspiracy to manufacture or distribute marijuana, as a party to a crime and as a repeater. As explained in State v. Moffett, 2000 WI 130, ¶13, 239 Wis. 2d 629, 619 N.W.2d 918, WIS. STAT. § 939.72 governs situations where there are multiple convictionsone for the substantive crime of conspiracy and another for the crime that is the object of the conspiracy, as a party to a crime. It is thus inapplicable to this case. Kirk also contends that he could not be guilty of conspiracy because the charge against one of his co-defendants was dropped. Kirk's assertion is incorrect because a conspiracy may be unilateral. State v. Sample, 215 Wis. 2d 487, 501, 573 N.W.2d 187 (1998) (WIS. STAT. § 939.31 focuses on "the subjective behavior of the individual defendant").
¶4 Kirk next argues that Marquette County was not a proper venue because the conspiracy was conducted in Manitowoc and Kenosha Counties. Scott Visek testified at the preliminary hearing that he grew marijuana in Marquette County with Kirk's help and that Kirk came to Marquette County to get some of the marijuana that Visek had harvested. Therefore, venue was proper in Marquette County.
¶5 Kirk next argues that the district attorney did not provide him with discovery under WIS. STAT. § 971.23. The record belies this claim. Kirk's attorney made a demand for discovery and acknowledged that he had received it.
¶6 Kirk next contends that his plea was not knowingly, voluntarily and intelligently entered because he did not understand the nature of the charge and he was confused. Again, the record undermines this claim. At the plea hearing, the court discussed with Kirk the rights he was waiving by entering the plea and the nature of the charges. The plea questionnaire and waiver of rights form, which Kirk reviewed with his attorney and signed, listed the elements of the crime, potential penalties and rights Kirk was waiving by entering the plea. Finally, Kirk's counsel told the court that he went over the plea questionnaire form with Kirk in detail. On this record, Kirk's claim that his plea was not knowingly and voluntarily entered cannot succeed. Kirk also contends there was not an adequate factual basis for his plea. However, Kirk specifically stipulated to the testimony presented at the preliminary hearing as a factual basis. Therefore, we reject this claim.
¶7 Kirk next argues that the circuit court erroneously exercised its discretion in allowing special agent Bradley Dullap to testify at Kirk's sentencing about Kirk's involvement in a marijuana growing operation for which Kirk was never charged. We reject this claim because a sentencing court may consider unproven offenses. State v. Damaske, 212 Wis. 2d 169, 195-96, 567 N.W.2d 905 (Ct. App. 1997).
¶8 Kirk next argues that he received ineffective assistance of counsel. He points to the fact that his attorney did not raise the claims he now raises on appeal. As we have pointed out, these claims are without merit. Because his substantive claims do not have merit, his ineffective assistance of counsel claim must also fail. See State v. Wheat, 2002 WI App 153, ¶¶14, 23, 256 Wis. 2d 270, 647 N.W.2d 441. Kirk also contends his trial counsel did not fully investigate, but does not specify what further investigation would have revealed, especially in light of the fact that his attorney hired a private investigator to assist in preparing for the case. See id. Therefore, we reject this claim.
¶9 Finally, Kirk argues that he was the victim of selective prosecution because he was the only person incarcerated for the marijuana growing operation. While Kirk may have been the only co-defendant to be incarcerated, the other codefendants were also subject to criminal proceedings. Scott Visek was charged with crimes in Green Lake County, but entered into a deferred prosecution agreement Kirk's other co-defendant entered into a deferred prosecution agreement in Marquette County. Kirk was not a victim of discriminatory prosecution simply because he was the only one to go to prison. See State v. Barman, 183 Wis. 2d 180, 187, 515 N.W.2d 493 (Ct. App. 1994) ("[I]t is the selective, persistent and intentionally discriminatory prosecution in the absence of a valid exercise of prosecutorial discretion that violates a defendant's equal protection rights and constitutes a defense to the charge.").
By the Court.  Order affirmed.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.