STATE of Wisconsin, Plaintiff-Respondent,

v.

Eliseo PERALTA, Defendant-Appellant.†

Court of Appeals

*Nos. 2010AP563–CR, 2010AP1334–CR.*
*Oral argument February 16, 2011.—Decided May 3, 2011.*

2011 WI App 81

(Also reported in 800 N.W.2d 512.)

† Petition for Review filed.

159

On behalf of the defendant-appellant, the cause was submitted on the brief of *Martin J. Pruhs* of Milwaukee. There was oral argument by *Martin J. Pruhs*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen*, attorney general and *James M. Freimuth*, assistant attorney general. There was oral argument by *James M. Freimuth*.

Before Curley, P.J., Kessler and Brennan, JJ.

¶ 1. CURLEY, P.J. Eliseo Peralta appeals the judgment convicting him of conspiracy to deliver cocaine and the order denying his postconviction motions. Peralta argues that the trial court erred in entering the judgment of conviction and denying his postconviction motions because the complaint—which formed the basis for Peralta's guilty plea and conviction—did not allege facts sufficient to constitute conspiracy. Specifically, Peralta argues that the complaint failed to allege an "overt act" committed in furtherance of the conspiracy. Because the complaint does allege an overt act—namely, Peralta's communication to an undercover police detective that a large quantity of cocaine was ready for immediate delivery—we disagree with Peralta's contentions and affirm.

## I. BACKGROUND.

*Facts Constituting the Complaint*

¶ 2. The facts constituting the basis for the plea derive solely from the complaint, which the parties stipulated to during the plea hearing. According to the complaint, the alleged conspiracy took place in January 2008.

¶ 3. On January 3, 2008, an undercover police detective met with Peralta near the 700 block of West Lapham Boulevard, in Milwaukee. They discussed the sale of three kilograms of cocaine. Peralta was to facilitate the sale from an unknown source. The detective and Peralta exchanged phone numbers and agreed to make contact in the future. Peralta indicated that his supplier was having more cocaine brought to Milwaukee and that he was going to contact the undercover detective when the three kilograms were received.

¶ 4. On January 4, 2008, the undercover detective and Peralta made contact again. Peralta told the detective that his supplier only wanted to give him one kilogram of cocaine, as this was going to be the first time Peralta was dealing with him.

¶ 5. On January 9, 2008, the detective and Peralta spoke again. The detective said that he wanted to know the price and quality of the cocaine. Peralta indicated that he could get the cocaine and bring it to the detective. Peralta and the detective also discussed a purchase price of $23,000.

¶ 6. On January 10, 2008, Peralta told the detective that his supplier was ready if he wanted the cocaine immediately. The detective said that he was not ready, but that he would be ready on the following Tuesday (January 15, 2008). Peralta told the detective that the cocaine was good quality, and consequently, he wanted $24,000 for it now.

¶ 7. On January 15, 2008, the detective and Peralta spoke again. This time they discussed final arrangements for the transaction.

¶ 8. On January 16, 2008, Peralta agreed to meet the detective at a restaurant on South 27th Street and West Morgan in Milwaukee. At the meeting, the detective and Peralta discussed the purchase of the cocaine, the change in price of the cocaine, and made general small talk about the cocaine supplier. Peralta was then arrested and taken into custody.

*Procedural History*

¶ 9. Peralta was charged with one count of conspiracy to deliver more than 40 grams of cocaine, contrary to Wis. Stat. §§ 961.16(2)(b)1., 961.41(1)(cm)4., and 961.41(1x) (2009–10).[2] He pled guilty to the charge, and was sentenced to six years of imprisonment, consisting of two years of initial confinement followed by four years of extended supervision.

¶ 10. Peralta then filed a postconviction motion to withdraw his guilty plea and vacate the judgment of conviction on grounds that there was an insufficient factual basis for the trial court to find him guilty of conspiracy because the complaint did not allege any overt act that went beyond mere planning and agreement. He also argued that he did not know about the "overt act" element prior to pleading guilty.

¶ 11. The trial court partially denied Peralta's postconviction motion regarding the issue of whether there had been an "overt act," but granted an evidentiary hearing to be held to confirm whether Peralta had in fact been aware of the "overt act" element.

---

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

¶ 12. An evidentiary hearing was held, and the trial court found that Peralta had been aware of the "overt act" element of conspiracy. The trial court denied Peralta's motion to withdraw his guilty plea.

¶ 13. Peralta then filed a notice of appeal for case No. 2010AP563–CR. By an order dated April 29, 2010, this court determined that the notice of appeal gave the court jurisdiction over the appeal from the judgment of conviction, but not the postconviction decision regarding whether Peralta was aware of the "overt act" element because that order had not been issued in writing. *See State v. Peralta*, No. 2010AP563–CR, unpublished slip op. (WI App Apr. 29, 2010).

¶ 14. Consequently, the trial court entered a written order denying Peralta's postconviction motion in full. On May 25, 2010, Peralta filed a second notice of appeal for the trial court's order. This court docketed the appeal as case No. 2010AP1334–CR. *See State v. Peralta*, Nos. 2010AP563–CR, 2010AP1334–CR, unpublished slip op. at 1–2 (WI App June 8, 2010).

¶ 15. On June 8, 2010, this court issued an order consolidating the appeals in 2010AP563–CR and 2010AP1334–CR. *See id.* This consolidated appeal is from the judgment of conviction, as well as the denial of Peralta's postconviction motions to withdraw his guilty plea.[3]

## II. ANALYSIS.

¶ 16. We begin with the standard of review. Although the State argues that this court can overturn the trial court's ruling regarding the factual basis for

---

[3] The parties came before us for oral argument on February 16, 2011.

Peralta's plea only if it is clearly erroneous, *see State v. Johnson*, 207 Wis. 2d 239, 244, 558 N.W.2d 375 (1997), the underlying question as to whether a factual basis for the plea exists is subject to different standards of review depending on how the factual basis is presented to the trial court. When the State presents testimony to support the factual basis, this court applies the clearly erroneous test. *See Broadie v. State*, 68 Wis. 2d 420, 421, 423, 228 N.W.2d 687 (1975). However, when the factual basis for the plea derives solely from a document in the record, we do not give deference to the findings made by the trial court, and instead review the issue *de novo. See Cohn v. Town of Randall*, 2001 WI App 176, ¶ 5, 247 Wis. 2d 118, 633 N.W.2d 674 (interpretation of a written instrument is a question of law that we decide without deference to the trial court); *see also State ex rel. Sieloff v. Golz*, 80 Wis. 2d 225, 241, 258 N.W.2d 700 (1977) (when reviewing documentary evidence, the court "need not afford a trial court's findings any special deference"). Therefore, we hold that because the factual basis for the plea in Peralta's case derives solely from a document in the record—the criminal complaint—we review the trial court's ruling *de novo*.

¶ 17. We turn next to Peralta's argument on appeal. Peralta brings only one issue before us: whether the complaint sufficiently alleges facts showing an act undertaken in furtherance of the alleged conspiracy that went beyond mere planning and agreement. *See State v. Routon*, 2007 WI App 178, ¶ 18, 304 Wis. 2d 480, 736 N.W.2d 530; *see also* Wis JI—Criminal 570 (2009). Specifically, Peralta argues that the complaint does not allege that he took any step to acquire or distribute the cocaine beyond discussing quality and price. According to Peralta, the complaint simply recounts a negotiation still in progress, as it shows that he

and the undercover detective had not reached a firm agreement when the officer arrested him.

¶ 18. "A conspiracy is an agreement between two or more persons to accomplish a criminal objective." *State v. Blalock*, 150 Wis. 2d 688, 704, 442 N.W.2d 514 (Ct. App. 1989). WISCONSIN STAT. § 939.31 sets forth the elements of the crime of conspiracy applicable under WIS. STAT. § 961.41(1x). *See Routon*, 304 Wis. 2d 480, ¶ 18.[4] Section 939.31 provides: "whoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both." Thus, the three elements of conspiracy are: (1) intent by the defendant that the crime be committed; (2) agreement between the defendant and at least one other person to commit the crime; and (3) an act performed by one of the conspirators in furtherance of the conspiracy. *Routon*, 304 Wis. 2d 480, ¶ 18; WIS JI—CRIMINAL 570; *State v. West*, 214 Wis. 2d 468, 476, 571 N.W.2d 196 (Ct. App. 1997). The crime that is the subject of the conspiracy need not be committed in order for a violation of § 939.31 to occur; rather, the focus is on the intent of the individual defendant. *Routon*, 304 Wis. 2d 480, ¶ 19. For this reason, a person can be convicted of conspiracy even if—as is the case here—the other party to the conspiracy is an undercover agent who did not intend to commit the crime. *See id.*

---

[4] The cross-references in the two statutes pertain to the different penalties that flow from a conspiracy conviction under WIS. STAT. § 961.41(1x) and under WIS. STAT. § 939.31, but the substantive definition of conspiracy is found in § 939.31.

¶ 19. The case before us solely concerns the third element, " 'an act performed by one of the conspirators in furtherance of the conspiracy.' " *See id.*, ¶ 18 (citation omitted). This is the "overt act" requirement. *See, e.g.,* WIS JI—CRIMINAL 570. An overt act must be done "toward the commission of the intended crime," and must go "beyond mere planning and agreement." *Id.* However, the act need not, by itself, be an unlawful act or an attempt to commit the crime. *Id.* If there was an act which was a step toward accomplishing the criminal objective, that is sufficient. *Id.*

¶ 20. As a preliminary matter, we note that the overt act element in conspiracy should not be confused with the "substantial step" element required to convict a defendant of attempt. "To convict a person of attempt, the State must prove that he or she did 'acts toward the commission of the crime which demonstrate unequivocally, under all the circumstances, that he or she formed that intent and would commit the crime except for the intervention of another person or some other extraneous factor.' " *State v. Moffett*, 2000 WI App 67, ¶ 13, 233 Wis. 2d 628, 608 N.W.2d 733 (*Moffett I*), *aff'd,* 2000 WI 130, 239 Wis. 2d 629, 619 N.W.2d 918 (*Moffett II*) (brackets omitted). Conspiracy, on the other hand, does not require any such act. *Id.* It attaches at an earlier stage, requiring only an act to effect the object of the conspiracy. *Id.* "[T]here is no requirement that that act must demonstrate unequivocally that the defendant formed an intent and would have committed the crime but for an extraneous intervening factor." *Id.* "The crime is complete when there is an agreement and an initial overt act in furtherance of the agreement." *Id.*

¶ 21. We further note that the elements of the two crimes are different because the underlying principles are different. As the Supreme Court of Washington explained in *State v. Dent*, 869 P.2d 392, 397 (Wash. 1994), conspiracy " 'focuses on the additional dangers inherent in group activity.' " *Id.* (citation omitted). " 'In theory, once an individual reaches an agreement with one or more persons to perform an unlawful act, it becomes more likely that the individual will feel a greater commitment to carry out his original intent, providing a heightened group danger.' " *Id.* (citation omitted). Thus, "conspiracy allows law-enforcement officials to intervene at a stage far earlier than attempt does." *Id.* (citation and italics omitted). " 'To obtain an attempt conviction, the prosecutor must prove that the actor performed an act beyond mere preparation.' " *Id.* (citation omitted). To obtain a conspiracy conviction, on the other hand, " 'the prosecutor need only prove that the conspirators agreed to undertake a criminal scheme or, at most, that they took an overt step in pursuance of the conspiracy.' " *Id.* (citation omitted). " *'Even an insignificant act may suffice.'* " *Id.* (citation omitted); *see also* Ira P. Robbins, *Double Inchoate Crimes*, 26 Harv. J. on Legis. 1, 27–29 (1989); *see also* 2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.5, at 95 (2d ed. 1986) (explaining that "[i]f the agreement has been established but the object has not been attained, virtually any act will satisfy the overt act requirement" of a conspiracy).

¶ 22. Because " 'the essence of a conspiracy is the agreement to commit a crime,' " we agree that " '[i]f an overt act is committed in furtherance of the conspiracy, then regardless of the act's importance to the overall

scheme, there is no need to prove that the conspirators made a serious effort to carry out their agreement.' " *See Dent*, 869 P.2d at 398 (citation omitted).

¶ 23. Turning to the instant case, we hold that Peralta's act of communicating to the detective that the cocaine was available for immediate delivery on January 10 was an act "beyond mere planning and agreement," which "was a step toward accomplishing the criminal objective" of delivering a large quantity of cocaine. *See* Wis JI—Criminal 570. Contrary to what Peralta argues, his telling the detective that the cocaine was "ready" is, in our view, not part of the formation of the agreement itself; it is a step beyond the planning stage which shows an illegal project at work. *See id.*

¶ 24. Moreover, contrary to what Peralta argues, Peralta's communication that the cocaine was ready for immediate delivery gives rise to an inference that Peralta had already contacted a supplier regarding the drug deal, which would have been an overt act in and of itself. Indeed, as Peralta acknowledges:

> a factual basis for a plea exists *if an inculpatory inference can be drawn from the complaint or facts admitted to by the defendant* even though it may conflict with an exculpatory inference elsewhere in the record and the defendant later maintains that the exculpatory inference is the correct one.

*State v. Black*, 2001 WI 31, ¶ 16, 242 Wis. 2d 126, 624 N.W.2d 363 (emphasis added). While Peralta argues that such an inference is not possible from the facts, we disagree. Peralta's statement that the cocaine was ready for delivery very strongly suggests that he performed some kind of act in order to procure the cocaine's

availability, especially in the instant case, where several days passed between the initial agreement and the conversation at issue. Furthermore, even if Peralta was lying when he told the detective that the cocaine was available, his act of communicating that the cocaine was ready was undoubtedly calculated to maintain the officer's interest in the deal. Given the fact that there were follow-up phone calls and meetings after Peralta said the cocaine was ready, we know that his strategy to keep up the officer's interest succeeded in furthering the conspiracy. *See Routon*, 304 Wis. 2d 480, ¶ 18. Therefore, because the complaint did allege an overt act, we affirm.

*By the Court.*—Judgment and order affirmed.