COURT OF APPEALS
DECISION
DATED AND FILED

July 23, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.  2019AP858-CR
2019AP859-CR**

Cir. Ct. Nos.  2017CM1583
2017CM1664

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEFFREY T. ZIEGLER,

DEFENDANT-APPELLANT.

---

APPEALS from judgments and an order of the circuit court for Dane County:  JOHN D. HYLAND, Judge.  *Affirmed*.

¶1    NASHOLD, J.[1]  Jeffrey Ziegler appeals judgments of conviction, based on his guilty pleas, for two counts of invasion of privacy.  He also appeals

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(f).  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

an order denying his motion to withdraw his guilty pleas. Ziegler argues that the circuit court erred in denying his motion to withdraw because there was no factual basis for the guilty pleas. Specifically, he asserts that the facts are insufficient to show that he looked into the victims' windows "for the purpose of sexual arousal or gratification," an element of invasion of privacy under WIS. STAT. § 942.08(2)(d). The judgments and order are affirmed.

## BACKGROUND

¶2     Pertinent to this appeal, Ziegler was convicted on negotiated guilty pleas of two counts of invasion of privacy.[2] The facts constituting the basis for the pleas derive from the criminal complaints filed in each of the two cases below.[3] The relevant facts, taken from the criminal complaints, are as follows.

¶3     In Dane County Case No. 2017CM1664, a police officer made contact with a man who reported that, on the evening of June 11, 2017, he saw a man, later identified as Ziegler, "spying" on his neighbor, C.P. The officer interviewed C.P., who stated that the neighbor had informed her that he saw a man staring into her window while C.P. was in her bedroom studying. She stated that she lives on the lower level of an apartment building and that her bedroom has two windows, one of which is easily accessible from the back parking lot.

¶4     In Dane County Case No. 2017CM1583, an officer was dispatched to a residence to investigate a report of a man looking into a window on

---

[2] In Dane County Case No. 2017CM1664, Ziegler also pled guilty to, and was convicted of, disorderly conduct. That conviction is not at issue in this appeal.

[3] The two cases were consolidated on appeal.

August 19, 2017. The officer interviewed M.S.V., who stated that, prior to calling police, she had observed a man, later identified as Ziegler, looking through her front window.

¶5 Shortly after midnight on August 20, the officer was informed that Ziegler had returned to the area and was looking into windows of a residence across the street from M.S.V. When officers arrived at the scene and arrested Ziegler, Ziegler was "sweating profusely, was breathing deeply, and the zipper on his pants was down." In reference to the charges being brought against him, Ziegler stated that "it's called peeping ... that's what the judge called it." Ziegler also explained to the officers that the people whose windows he was looking into "aren't victims they are recipients."

¶6 Ziegler initially moved to dismiss the counts related to invasion of privacy, arguing that the facts alleged in the complaints were insufficient to establish that, when he looked into the women's windows, he did so with the purpose of sexual arousal or gratification as required under WIS. STAT. § 942.08(2)(d). Following a hearing, the circuit court denied his motion. Ziegler subsequently entered guilty pleas and, relevant to this appeal, was convicted of two counts of invasion of privacy in violation of § 942.08(2)(d).[4]

---

[4] An additional count of disorderly conduct and a count of attempted invasion of privacy were dismissed and read in. For reasons that are not germane to this appeal, in the circuit court's order denying Ziegler's motion to withdraw his guilty pleas, the court stated that it was amending the judgment of conviction to reflect that an additional dismissed and read-in disorderly conduct count in Case No. 2017CM1664 would be dismissed but not read in. The court further concluded that this change did not affect the sentence.

To the extent that Ziegler suggests that he is also challenging the factual basis for the dismissed but read-in attempted invasion of privacy charge, he presents no authority or argument to support the proposition that a dismissed but read-in charge may be challenged in a motion for plea withdrawal. In denying Ziegler's postconviction motion, the circuit court concluded that it

(continued)

¶7    Following sentencing, Ziegler filed a postconviction motion to withdraw his guilty pleas, arguing that there was no factual basis to support the conclusion that he looked into the victims' windows for the purpose of sexual arousal or gratification. The circuit court denied the motion without a hearing, concluding that the facts, coupled with the reasonable inferences to which they gave rise, established a factual basis for Ziegler's guilty pleas. This appeal follows.

## DISCUSSION

¶8    In order to withdraw a guilty plea after sentencing, a defendant "carries the heavy burden of establishing, by clear and convincing evidence, that the trial court should permit the defendant to withdraw the plea to correct a manifest injustice." *State v. Thomas*, 2000 WI 13, ¶16, 232 Wis. 2d 714, 605 N.W.2d 836 (quoting *State v. Washington*, 176 Wis. 2d 205, 213, 500 N.W.2d 331 (Ct. App. 1993) (internal quotation marks omitted)). The manifest injustice test requires a defendant to show "'a serious flaw in the fundamental integrity of the plea.'" *Id.* (quoting *State v. Nawrocke*, 193 Wis. 2d 373, 379, 534 N.W.2d 624 (Ct. App. 1995)). "[I]f a circuit court fails to establish a factual basis that the defendant admits constitutes the offense pleaded to, manifest injustice has occurred." *Id.*, ¶17 (citing *White v. State*, 85 Wis. 2d 485, 488, 271 N.W.2d 97 (1978)). When a plea is the product of a negotiated plea agreement, the circuit

---

would not address Ziegler's argument that there was an insufficient factual basis for a dismissed but read-in charge because Ziegler did not plead to that charge and the charge was in fact dismissed. Ziegler does not specifically address the court's conclusion on that point. Therefore, to the extent that Ziegler's briefs can be read as also challenging the dismissed but read-in charge, I decline to consider such arguments. *See State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (this court need not address inadequately developed arguments).

court is not required to go to "'the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea.'" ***State v. Sutton***, 2006 WI App 118, ¶16, 294 Wis. 2d 330, 718 N.W.2d 146 (quoting ***Broadie v. State***, 68 Wis. 2d 420, 423-24, 228 N.W.2d 687 (1975)).

¶9     Whether a factual basis exists for Ziegler's pleas is a question of law that is reviewed de novo.  *See **State v. Peralta***, 2011 WI App 81, ¶16, 334 Wis. 2d 159, 800 N.W.2d 512 ("[W]hen the factual basis for the plea derives solely from a document in the record, we do not give deference to the findings made by the trial court, and instead review the issue *de novo*.").[5]

¶10     Ziegler argues that the circuit court erred in denying his motion to withdraw his guilty pleas because there was no factual basis for a finding of the sexual arousal or gratification element of WIS. STAT. § 942.08(2)(d).  In support of

---

[5] In ***State v. Peralta***, 2011 WI App 81, 334 Wis. 2d 159, 800 N.W.2d 512, this court rejected the State's argument that a circuit court's ruling regarding the factual basis for a plea may be overturned only if it is clearly erroneous. ***Id.***, ¶16.  Instead, the ***Peralta*** court concluded:

> [T]he underlying question as to whether a factual basis for the plea exists is subject to different standards of review depending on how the factual basis is presented to the trial court.  When the State presents testimony to support the factual basis, this court applies the clearly erroneous test.  However, when the factual basis for the plea derives solely from a document in the record, we do not give deference to the findings made by the trial court, and instead review the issue *de novo*.

***Id.*** (citations omitted).  However, in ***State v. Tourville***, 2016 WI 17, 367 Wis. 2d 285, 876 N.W.2d 735, a case decided after ***Peralta***, our supreme court applied the clearly erroneous standard in reviewing the factual basis for a plea, without making the distinction articulated in ***Peralta***.  *See **Tourville***, 367 Wis. 2d 285, ¶18.  In at least one case decided after ***Tourville***, however, this court has continued to use the de novo standard of review set forth in ***Peralta***.  *See **State v. Stewart***, 2018 WI App 41, ¶15, 383 Wis. 2d 546, 916 N.W.2d 188.  I need not address whether ***Peralta*** and ***Stewart*** are consistent with ***Tourville*** because the parties do not address this issue and, although I apply the de novo standard, I would also affirm the circuit court under a clearly erroneous standard of review.

his argument, Ziegler claims that neither complaint alleged any fact demonstrating that his actions were for the purpose of sexual arousal or gratification. Ziegler also argues that the circuit court's conclusion renders the sexual arousal or gratification element of § 942.08(2)(d) superfluous.

¶11 The circuit court found that the factual allegations in both criminal complaints, coupled with the reasonable inferences to which they gave rise, established that Ziegler looked into the victims' windows for the purpose of sexual arousal or gratification. *See State v. Routon*, 2007 WI App 178, ¶21, 304 Wis. 2d 480, 736 N.W.2d 530 (noting that a defendant's "intent to commit [a] crime may be inferred from the [defendant's] conduct"); *see also State v. Payette*, 2008 WI App 106, ¶7, 313 Wis. 2d 39, 756 N.W.2d 423 (in upholding the factual basis for a guilty plea, "[i]t is not necessary that guilt be the only inference that can be drawn from the facts in the complaint, nor that the inference of guilt is established beyond a reasonable doubt").

¶12 Specifically, in Case No. 2017CM1583, the complaint alleged that, upon his arrest for recently looking into M.S.V.'s and other residents' windows, Ziegler was sweating profusely, breathing deeply, and the zipper on his pants was down. In his interactions with police, Ziegler characterized his actions as "peeping" and stated that the people inside the residences "aren't victims they are recipients." The court inferred, based on these facts, that Ziegler looked into the victim's window for the purpose of sexual arousal or gratification. Similarly, in Case No. 2017CM1664, the complaint alleged that Ziegler was looking through a woman's windows during the evening while she was in her bedroom studying. The court found that, based on these facts, including the nature of the room the victim was in, Ziegler looked into the victim's window for the purpose of sexual arousal or gratification.

6

¶13 The court's colloquy with Ziegler and his counsel at the plea hearing further supports a factual basis for the pleas. The court asked Ziegler if he had reviewed the elements for the charges of invasion of privacy, to which Ziegler answered affirmatively. The court asked defense counsel: "Are you satisfied there's an adequate factual basis within each complaint to support the elements of the offenses?" Defense counsel responded that he was. The court further stated that, based on its review of the criminal complaints, the court was also satisfied that there was a factual basis for the pleas.

¶14 The record shows that Ziegler was well aware that one of the elements for invasion of privacy is that the conduct was for the purpose of sexual arousal or gratification and that he agreed there was a factual basis for that element. Ziegler was present at the hearing on his motion to dismiss the invasion of privacy counts, where his attorney argued that "there is nothing here establishing a sexual gratification or arousal element." The court rejected that argument, after which Ziegler pled guilty to the two charges of invasion of privacy.

¶15 Accordingly, the circuit court did not err in finding that there was a factual basis to support that Ziegler looked into the victims' windows for the purpose of sexual arousal or gratification.

¶16 Ziegler also argues in his opening brief that the circuit court's decision renders the sexual gratification element of WIS. STAT. § 942.08(2)(d) superfluous. Specifically, Ziegler argues that the sexual gratification element of the statute would become unnecessary if a court makes an inference of sexual gratification every time someone looks into another person's window. The State, in its brief, responds that the court did not infer sexual gratification based solely

on the fact that Ziegler looked through the victims' windows. Because Ziegler does not respond to the State's argument in his reply brief, he has conceded this argument. *See **Fischer v. Wisconsin Patients Comp. Fund***, 2002 WI App 192, ¶1 n.1, 256 Wis. 2d 848, 650 N.W.2d 75 ("An argument asserted by a respondent on appeal and not disputed by the appellant in the reply brief is taken as admitted.").[6]

## CONCLUSION

¶17     For the reasons stated, the judgments and order are affirmed.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

---

[6] Even considering the merits of Ziegler's argument, Ziegler's argument fails. Ziegler has not shown that the circuit court established a factual basis for the sexual arousal or gratification element based solely on the fact that Ziegler looked through the victims' windows. In its decision denying Ziegler's postconviction motion, the court referenced additional facts, and the reasonable inferences therefrom, that supported the conclusion that Ziegler looked into the windows for the purpose of sexual arousal or gratification.