COURT OF APPEALS
DECISION
DATED AND FILED

December 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2020AP1849-CR**
**2020AP1850-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2019CF99
2019CF100

**IN COURT OF APPEALS**
**DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

ANTHONY CARL CHANCY,

    DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Rock County: KARL R. HANSON, Judge. *Affirmed*.

Before Blanchard, P.J., Fitzpatrick, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Anthony Carl Chancy appeals judgments of conviction for two counts of second-degree recklessly endangering safety and an order denying his postconviction motion to withdraw two pleas of guilty. Chancy argues that his pleas were not knowingly and intelligently entered because he did not understand the elements of second-degree recklessly endangering safety. Alternatively, he argues that his pleas lacked a sufficient factual basis. For the reasons set forth in this opinion, we reject Chancy's arguments. We affirm.

¶2 In January 2019, Chancy was charged in two criminal cases with multiple counts arising out of domestic abuse incidents involving a single alleged victim that occurred in December 2018 and January 2019. The criminal complaints alleged that in December 2018 Chancy punched the victim in the eye and in January 2019 he struck the victim across the legs with a pool cue and strangled her. Pursuant to a plea agreement, Chancy pleaded guilty to amended charges of a single count of second-degree recklessly endangering safety in each case and the original counts were dismissed.

¶3 After sentencing, Chancy moved to withdraw his pleas. He argued that the plea colloquy was defective because the circuit court did not establish that he understood the elements of second-degree recklessly endangering safety. He further argued that he did not in fact understand the elements at the time he entered his pleas. He also argued that the pleas lacked a factual basis. He argued that, for those reasons, withdrawal of the pleas was necessary to prevent a manifest injustice.

¶4 The circuit court held an evidentiary hearing on Chancy's motion to withdraw his pleas. At the hearing, Chancy's trial counsel testified to the following. Before Chancy entered his pleas, counsel read to him and showed him

the pattern jury instruction stating the elements of second-degree recklessly endangering safety. Counsel informed Chancy that, based on the allegations in the complaints, at a trial a jury could find Chancy guilty of two counts of second-degree recklessly endangering safety.

¶5     Chancy testified to the following. Chancy's trial counsel suggested that Chancy agree to plead guilty to two counts of second-degree recklessly endangering safety so that he would be eligible for the Earned Release Program. Chancy agreed because he was focused on obtaining program eligibility. However, he did not understand the elements of second-degree recklessly endangering safety. Specifically, Chancy did not understand that one of the elements of second-degree recklessly endangering safety is that his conduct created an unreasonable or substantial risk of death or great bodily injury. However, Chancy could not remember the details of the conversations he had with his trial counsel before he entered his pleas.

¶6     At the conclusion of the hearing, the circuit court found credible trial counsel's testimony that before the plea hearing counsel had reviewed with Chancy the elements of second-degree recklessly endangering safety as reflected in the pattern jury instruction. The court found that Chancy's testimony that he did not understand the elements at the time he entered his pleas lacked credibility, and that at the time he entered the pleas he did, in fact, understand the elements of second-degree recklessly endangering safety. The court found that Chancy's assertion that he did not understand the elements was conclusory and contrary to his trial counsel's testimony and to the plea hearing transcript. Separately, the court determined that the criminal complaints here established a factual basis for the pleas. For these reasons, the court denied Chancy's motion to withdraw his pleas. Chancy appeals.

¶7    "We review a circuit court's decision to deny a plea withdrawal motion under an erroneous exercise of discretion standard." *State v. Savage*, 2020 WI 93, ¶24, 395 Wis. 2d 1, 951 N.W.2d 838.  A defendant who seeks to withdraw a plea after sentencing must show by clear and convincing evidence that plea withdrawal is necessary to correct a manifest injustice.  *Id.*  One way that a defendant may establish a manifest injustice is by showing that the plea was not knowingly, intelligently, and voluntarily entered.  *State v. Fugere*, 2019 WI 33, ¶16, 386 Wis. 2d 76, 924 N.W.2d 469.  When a defendant identifies a defect in the plea colloquy and alleges that he or she did not understand the information that should have been provided, "the burden shifts to the State to prove by clear and convincing evidence" that "the plea was knowing, intelligent, and voluntary." *See State v. Hoppe*, 2009 WI 41, ¶44, 317 Wis. 2d 161, 765 N.W.2d 794.  On our review of the circuit court's decision on a motion for plea withdrawal, we uphold the court's factual findings unless clearly erroneous, and we independently determine if the plea was knowing, intelligent, and voluntary.  *Fugere*, 386 Wis. 2d 76, ¶17.

¶8    Another way a defendant may establish a manifest injustice is by showing that the circuit court failed to ensure that there was a sufficient factual basis for the plea.  *State v. Thomas*, 2000 WI 13, ¶17, 232 Wis. 2d 714, 605 N.W.2d 836.  "[W]hen the factual basis for the plea derives solely from a document in the record," such as the allegations in a criminal complaint, we review de novo whether the document provided a sufficient factual basis.  *See State v. Peralta*, 2011 WI App 81, ¶16, 334 Wis. 2d 159, 800 N.W.2d 512.

¶9    To repeat, Chancy argues that he is entitled to withdraw his pleas because he did not understand the elements of second-degree recklessly endangering safety at the time he entered his pleas.  He argues that the plea

colloquy was defective and that the circuit court in addressing his postconviction motion erroneously exercised its discretion by finding that Chancy did, in fact, understand the elements at the time he entered his pleas. We conclude that the State met its burden at the evidentiary hearing to show that Chancy understood the elements of second-degree recklessly endangering safety at the time he entered his pleas.[1]

¶10 Chancy argues that the circuit court erroneously exercised its discretion by rejecting Chancy's assertion that he did not understand the elements of second-degree recklessly endangering safety when he entered his pleas. He argues that the only basis for the circuit court's decision was trial counsel's testimony that he explained the elements to Chancy and that Chancy asserted at the plea hearing that he understood the elements. He asserts that the circuit court did not provide an adequate explanation as to why it rejected Chancy's assertion that he did not understand the elements. We disagree.

¶11 The circuit court explained that it deemed credible trial counsel's testimony that he reviewed the plea questionnaire and the elements from the jury instruction with Chancy. The jury instruction attached to the plea questionnaire sets forth the elements of second-degree recklessly endangering safety: (1) the defendant endangered the safety of another human being; and (2) the defendant endangered the safety of another by criminally reckless conduct. *See also* WIS. STAT. § 941.30(2) (2019-20)[2] (elements of second-degree recklessly endangering

---

[1] We assume without deciding that there was a defect in the plea colloquy as to whether Chancy was aware of the elements of second-degree recklessly endangering safety. Therefore we do not address the parties' arguments as to whether the plea colloquy was defective.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

safety are that (1) the defendant endangered the safety of another human being, and (2) did so by criminally reckless conduct). The jury instruction provides further that "criminally reckless conduct" means that "the conduct created a risk of death or great bodily harm to another person; and the risk of death or great bodily harm was unreasonable and substantial; and the defendant was aware that his conduct created the unreasonable and substantial risk of death or great bodily harm." It also sets forth that "great bodily harm" means "serious bodily injury," and that an injury "which creates a substantial risk of death, or which causes serious permanent disfigurement, or which causes a permanent or protracted loss or impairment of the function of any bodily member or organ, or other serious bodily injury is great bodily harm." Thus, the circuit court had a clear basis to find that the information that Chancy claimed that he did not understand was provided to him before he entered his pleas. The circuit court also found that Chancy's assertion that he did not understand the information was conclusory and lacked credibility. We defer to the circuit court's credibility determinations. *State v. Oswald*, 2000 WI App 3, ¶47, 232 Wis. 2d 103, 606 N.W.2d 238; *see also State v. Kimbrough*, 2001 WI App 138, ¶29, 246 Wis. 2d 648, 630 N.W.2d 752 (a circuit court may reject even uncontroverted testimony).

¶12 Chancy also argues that simply proving that the elements were provided to Chancy prior to the plea hearing was insufficient to establish that he understood the elements. He argues that the State was required to provide proof of a substantive discussion in which trial counsel explained how the facts in the criminal complaints met each of the elements of second-degree recklessly endangering safety. We are not persuaded. Chancy does not argue that he was unaware of the factual allegations in the complaints. Trial counsel testified that he provided Chancy with the elements of second-degree recklessly endangering

safety and informed him that, based on the facts in the complaints, Chancy could be found guilty of two counts of second-degree recklessly endangering safety. The court's finding that Chancy did understand the elements of second-degree recklessly endangering safety was supported by the record and the court's credibility determinations, and was therefore not an erroneous exercise of discretion.

¶13     Separately, Chancy argues that his pleas lacked a factual basis. Chancy argues that the particular allegations in the complaints that Chancy punched the victim in the eye on one occasion, and struck her legs with a pool cue and strangled her on another occasion, were insufficient to meet the element of criminal recklessness, stated above. *See* WIS. STAT. § 941.30(2). He argues that the allegations were insufficient to show that his conduct was criminally reckless, that is, that he created a *substantial* or *unreasonable* risk of death or great bodily harm, and that he was *aware* of that risk. *See* WIS JI—CRIMINAL 1347. We are not persuaded.

¶14     "If the facts as set forth in the complaint meet the elements of the crime charged, they may form the factual basis for a plea." ***State v. Black***, 2001 WI 31, ¶14, 242 Wis. 2d 126, 624 N.W.2d 363. Proof beyond a reasonable doubt is not necessary to establish a factual basis. *See **State v. Spears***, 147 Wis. 2d 429, 435, 433 N.W.2d 595 (Ct. App. 1988).

> [A] factual basis for a plea exists if an inculpatory inference can be drawn from the complaint or facts admitted to by the defendant even though it may conflict with an exculpatory inference elsewhere in the record and the defendant later maintains that the exculpatory inference is the correct one.

***Black***, 242 Wis. 2d 126, ¶16. "[T]he essence of what a defendant waives when he or she enters a guilty or no contest plea" is the opportunity to argue that an

exculpatory inference should be drawn from the evidence. *See id.* Thus, while Chancy's arguments that his conduct did not create a *substantial* or *unreasonable* risk of great bodily harm or that Chancy was not *aware* of that risk would have been available at trial, Chancy gave up those arguments in favor of pleading guilty. Notably, "in the context of a negotiated guilty plea, ... a court 'need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea.'" *State v. Smith*, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996) (quoted source omitted).

¶15 Chancy asserts that a factual basis is not established merely because a jury *could* have found him guilty based on the allegations in the complaint. However, he does not explain how, under the applicable legal standards we have just summarized, allegations that would be sufficient to support a jury finding of guilt would not be sufficient to set forth a factual basis for a guilty plea. *See Spears*, 147 Wis. 2d at 435 ("'A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts ....'" (quoted source omitted)).

¶16 Applying the correct legal standards, we conclude that the allegations in the criminal complaints—that Chancy punched the victim in the eye on one occasion, and then struck her legs with a pool cue and strangled her on another occasion—were sufficient to meet the element of criminal recklessness for purposes of factual-basis analysis. Chancy's punching the victim in the eye on one occasion and striking her legs with a pool cue and strangling her on the other occasion support the inculpatory inference that Chancy created an unreasonable and substantial risk of great bodily harm to the victim on each of the two counts, with awareness of that risk in each instance. For these reasons, we conclude that

these allegations were sufficient to meet the elements of second-degree criminal repressklessness for purposes of establishing a factual basis for the pleas.

*By the Court*.—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.