COURT OF APPEALS
DECISION
DATED AND FILED

October 25, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP610-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF965

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JEFFREY L. PITT, JR.,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Racine County: FAYE M. FLANCHER, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM.  Jeffrey L. Pitt, Jr., appeals from a judgment of conviction and an order denying his motion for postconviction relief.  He contends that he is entitled to either plea withdrawal or resentencing.  We disagree and affirm.

¶2      On July 12, 2017, police responded to a report of a deceased child at Pitt's home in Racine.  Upon arrival, they observed Pitt's three-year-old son, J.P., lying on the floor with a single gunshot wound through his chest.  A .40 caliber spent casing was located next to his body.

¶3      Pitt, a convicted felon, initially denied possessing any firearm.  However, he later admitted to possessing a .40 caliber handgun.  According to Pitt, he had the loaded handgun in his waistband when he fell asleep with his two-year-old son, S.P., lying on his chest and J.P. lying to his side.  Pitt had been drinking heavily and did not feel the handgun's removal or hear its fatal shot.  When he awoke to find J.P. dead, he asked a neighbor to dispose of the handgun.

¶4      Pitt eventually pled guilty to first-degree reckless homicide and possession of a firearm by a felon.  An additional charge of first-degree recklessly endangering safety as a repeater was dismissed and read in.  The circuit court found a factual basis for the pleas using the criminal complaint and amended information.  It imposed an aggregate sentence of twenty-eight years of initial confinement and thirteen years of extended supervision.

¶5      Pitt subsequently filed a motion for postconviction relief.  In it, he sought plea withdrawal, arguing that (1) there was no factual basis for his plea to first-degree reckless homicide; and (2) he received ineffective assistance of counsel.  Alternatively, Pitt sought resentencing on grounds that the circuit court erroneously exercised its discretion at sentencing and imposed an unduly harsh

sentence. After a hearing on the matter, the circuit court denied the motion. This appeal follows. Additional facts are set forth below.

¶6     On appeal, Pitt first contends that he is entitled to plea withdrawal. A defendant who seeks to withdraw a plea after sentencing must prove by clear and convincing evidence that withdrawal is necessary to avoid a manifest injustice. *See State v. Taylor*, 2013 WI 34, ¶24, 347 Wis. 2d 30, 829 N.W.2d 482.

¶7     One way to show a manifest injustice is to demonstrate that the plea lacked a sufficient factual basis. *State v. Johnson*, 207 Wis. 2d 239, 244, 558 N.W.2d 375 (1997). A manifest injustice also occurs if the defendant received ineffective assistance of counsel. *State v. Dillard*, 2014 WI 123, ¶84, 358 Wis. 2d 543, 859 N.W.2d 44.

¶8     We begin our analysis with Pitt's argument that there was no factual basis for his plea to first-degree reckless homicide. "Where ... the guilty plea is pursuant to a plea bargain, the court need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea." *Broadie v. State*, 68 Wis. 2d 420, 423–24, 228 N.W.2d 687 (1975). When, as in the present case, the factual basis derives from documents in the record, we do not give deference to the findings made by the circuit court and instead review the issue de novo. *See State v. Peralta*, 2011 WI App 81, ¶16, 334 Wis. 2d 159, 800 N.W.2d 512.

¶9     The crime of first-degree reckless homicide consists of three elements: (1) the defendant caused the death of the victim; (2) the defendant caused the death by criminally reckless conduct; and (3) the circumstances of the

defendant's conduct showed utter disregard for human life. *See* WIS JI-CRIMINAL 1020; WIS. STAT. § 940.02(1) (2021-22).[1] Pitt disputes that his actions met these elements for purposes of establishing a factual basis. We disagree.

¶10 With respect to the first element, Pitt's actions were a substantial factor in producing J.P.'s death. *See* WIS JI-CRIMINAL 1020 (explaining that "cause" means that the defendant's act was a substantial factor in producing the victim's death). Although Pitt did not pull the trigger himself, he set into motion the fatal shooting by choosing to become extremely intoxicated—and either "passed out" or went to sleep—with a loaded gun in his waistband while alone with his two young children.

¶11 With respect to the second element, Pitt's actions were criminally reckless. His actions created an unreasonable and substantial risk of death or great bodily harm to J.P. *See id.* (explaining that "criminally reckless conduct" means that the defendant's conduct created an unreasonable and substantial risk of death or great bodily harm to another person and the defendant was aware of the risk). Pitt got drunk, and passed out or went to sleep without securing, locking, or ensuring the gun's safety was on—giving unsupervised children access to a loaded gun. This created an unreasonable and substantial risk of death or great bodily harm and Pitt has never claimed that he was unaware of this risk. Moreover, Pitt never argued that someone could take his gun without his knowledge even if he had not been intoxicated.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶12     Finally, with respect to the third element, Pitt's actions evinced an utter disregard for human life.  Pitt notes that he intended no harm to J.P.; however, utter disregard for human life "can also be established by evidence of heightened risk, because of special vulnerabilities of the victim, for example, or evidence of a particularly obvious, potentially lethal danger."  *State v. Jensen*, 2000 WI 84, ¶17, 236 Wis. 2d 521, 613 N.W.2d 170.  In this case, the vulnerability of J.P. was clear—he was a curious young child without knowledge that playing with a gun could be lethal.  Pitt, knowing how intoxicated he was, should have put the gun in a place inaccessible to his children before going to sleep.  Instead, he chose to keep an unlocked, loaded gun in his waistband and pass out into such a deep sleep that he did not feel the gun being removed and he did not hear the gunshot.  These factual circumstances are sufficient to satisfy the utter disregard element, particularly in a negotiated plea.

¶13     We turn next to Pitt's argument that he received ineffective assistance of counsel.  Specifically, Pitt faults trial counsel for not advising him that he could request an instruction on lesser included offenses at trial.

¶14     Whether counsel's actions constitute ineffective assistance presents a mixed question of fact and law.  *State v. Ortiz-Mondragon*, 2015 WI 73, ¶30, 364 Wis. 2d 1, 866 N.W.2d 717.  We will uphold the circuit court's findings of fact and assessments of credibility unless they are clearly erroneous.  *Id.*  However, the ultimate determination of whether counsel rendered constitutionally ineffective assistance is a question of law, which we review de novo.  *Id.*

¶15     At the postconviction motion hearing, the circuit court heard competing testimony about the subject of lesser included offenses.  Pitt insisted that trial counsel never discussed them with him.  Meanwhile, trial counsel

affirmed that he had discussed them with Pitt on multiple occasions. Counsel indicated that Pitt did not want a trial, which is why counsel sought a lesser included offense in his plea negotiations with the prosecutor.[2]

¶16     In the end, the circuit court found trial counsel to be "very credible" in his testimony. It noted that trial counsel had, in fact, "tried to negotiate a second[-]degree reckless" charge with the prosecutor. It further noted counsel's reputation as "one of the finest criminal defense attorneys … in [the] county." By contrast, the court found Pitt's testimony that counsel never discussed lesser included offenses with him to be "absolutely not believable." Again, we will uphold the court's assessments of credibility unless they are clearly erroneous. *Id.* Pitt does not persuade us that the court's assessments are clearly erroneous in this case. Accordingly, his claim of ineffective assistance of counsel must fail.

¶17     For these reasons, we conclude that Pitt has not met his burden of proving that plea withdrawal is necessary to avoid a manifest injustice.

¶18     Pitt next contends, as an alternative argument, that he is entitled to resentencing. As noted, Pitt accuses the circuit court of erroneously exercising its discretion at sentencing and imposing an unduly harsh sentence.

¶19     Sentencing is left to the discretion of the circuit court, and appellate review is limited to determining whether there was an erroneous exercise of discretion. *State v. Gallion*, 2004 WI 42, ¶17, 270 Wis. 2d 535, 678 N.W.2d 197. We afford a strong presumption of reasonability to the circuit court's sentencing

---

[2] In his plea negotiations, trial counsel asked the prosecutor to consider amending the reckless homicide charge from first-degree to second-degree. This request was memorialized in email correspondence.

determination because that court is best suited to consider the relevant factors and demeanor of the defendant. *State v. Ziegler*, 2006 WI App 49, ¶22, 289 Wis. 2d 594, 712 N.W.2d 76.

¶20 To properly exercise its discretion, a circuit court must provide a rational and explainable basis for the sentence. *State v. Stenzel*, 2004 WI App 181, ¶8, 276 Wis. 2d 224, 688 N.W.2d 20. The primary sentencing factors that a court must consider are the gravity of the offense, the character of the defendant, and the need to protect the public. *Ziegler*, 289 Wis. 2d 594, ¶23.

¶21 A defendant challenging a sentence as unduly harsh must show that the sentence was "so excessive and unusual and so disproportionate to the offense committed as to shock public sentiment and violate the judgment of reasonable people concerning what is right and proper under the circumstances." *State v. Grindemann*, 2002 WI App 106, ¶31, 255 Wis. 2d 632, 648 N.W.2d 507 (citation omitted). A sentence well within the statutory maximum is presumed not to be unduly harsh. *See id.*, ¶¶31-32.

¶22 Here, the record reveals that the circuit court's sentencing decision had a rational and explainable basis. The court discussed the primary sentencing factors before arriving at a sentence that was consistent with the prosecutor's recommendation.[3] The court deemed the facts of the case "truly, truly tragic," as Pitt's actions had led to "the wors[t] case possible scenario." It noted that Pitt had "spent over half of his life involved in the criminal justice system." It also observed that Pitt's own family needed protection from him. Although lengthy,

---

[3] At sentencing, the prosecutor recommended twenty-five to thirty years of initial confinement followed by an unspecified period of extended supervision.

the court's total sentence was well within the statutory maximum[4] and therefore presumed not to be unduly harsh. *Id.* In any event, on this record, we perceive no basis to disturb it.[5]

     *By the Court.*—Judgment and order affirmed.

     This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Pitt faced a maximum aggregate sentence of forty-five years of initial confinement and twenty-five years of extended supervision. *See* WIS. STAT. §§ 940.02(1) (first-degree reckless homicide), 941.29(1m)(a) (possession of a firearm), and 973.01 (bifurcated sentence of imprisonment and extended supervision).

[5] To the extent we have not addressed an argument on appeal, the argument is deemed rejected. *See **State v. Waste Mgmt. of Wis., Inc.**,* 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).